**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

September 24, 2007

LETTER OPINION
ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

Re:   *Teamsters Local Union Number 701 v. Waste Management of New Jersey, Inc.*, No. 07-554 (JAP)

Dear Parties,

Currently before the Court is a motion by Plaintiff Teamsters Local Union Number 701, affiliated with the International Brotherhood of Teamsters, ("Local 701") for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), seeking to vacate an arbitration award entered on December 8, 2006 by Arbitrator Gerard G. Restaino. Defendant Waste Management of New Jersey, Inc. ("Waste Management") opposes Plaintiff's motion and cross-moves for summary judgment, seeking to confirm Arbitrator Restaino's award and to dismiss Plaintiff's complaint. The Court decides these motions without oral argument as permitted by Fed. R. Civ. P. 78. For the reasons expressed below, the Court denies Plaintiff's motion, grants Defendant's motion for summary judgment, confirms the arbitration award and dismisses Plaintiff's complaint.

**I.     Background**

Plaintiff is a labor organization representing full-time and part-time truck drivers, helpers, mechanics, welders, utility, and recycling employees employed by Defendant, a corporation involved in the collection, transport, and disposal of solid waste. Defendant operates facilities in Toms River, Waretown, and Trenton, New Jersey. Plaintiff and Defendant have entered into a collective bargaining agreement, effective from October 1, 2004 until September 30, 2009. Pursuant to that agreement, the parties agree to submit disputes to arbitration.

The collective bargaining agreement provides for hours of work and overtime, as well as procedures for layoffs, recalls, and bumping. Article 22 provides:

(a) The normal work day shall consist of eight (8) hours and the normal work week shall consist of five days, Monday through Friday.

(b) The Employer shall afford every full-time permanent employee the opportunity to work forty hours in a normal work week which could include work

>that is available at another Waste Management facility covered by a Local 701 contract. Any employee afforded the opportunity to work at the Trenton facility will be compensated one-half hour of pay for each way traveled to and from work. . . .

Article 17 of the Toms River contract states:

>Probationary employees shall be laid off first. Thereafter, seniority, as defined in Article 16 herein, among regular full-time employees whose qualifications are reasonably equal, shall govern in cases of layoff and recalls.

The underlying dispute arose when, during slower periods of the year, Defendant did not afford its employees the opportunity to work forty-hours per week. Plaintiff filed a grievance pursuant to the applicable collective bargaining agreement, claiming that Defendant violated a provision within the agreement that required Defendant to guarantee a forty-hour week for all full-time permanent employees. Defendant responded that the agreement did not require it to guarantee a forty-hour week. The parties submitted the dispute to Arbitrator Gerard G. Restaino, who sustained the grievances in a June 3, 2006 award. Restaino found that the language of the collective bargaining agreement required Defendant to make available forty hours of work each week for all full-time permanent employees.

As a result of that award, Defendant began "laying off" for one day those senior employees who already worked forty hours that week to make time available for junior employees to work forty hours per week. Those senior employees who could no longer acquire overtime hours filed grievances through Plaintiff against Defendant. According to Plaintiff, Defendant violated the collective bargaining agreement's procedures for layoffs. The parties submitted the dispute for arbitration before Arbitrator Restaino.

On December 8, 2006, Arbitrator Restaino enter an award finding that Defendant did not violate the collective bargaining agreement. Specifically, the Arbitrator found the following:

>1. All employees in the bargaining unit shall be afforded forty (40) hours of work per week at one facility or a combination of the three facilities (Toms River, Waretown, and Trenton).
>
>2. Senior employees may assert their seniority only after it has been proven to the Union that there is no work for displaced employees at the other two (2) facilities. This is not to suggest that the Union can hold the Employer hostage and attempt to schedule drivers. Scheduling is an absolute right of Management that has not been ceded to the Union.
>
>3. The Monday-Friday work week of eight (8) hours per day does not mean an employee may not be assigned a weekly schedule that generates ten (10) or twelve (12) hours per day thereby establishing forty (40) hours in less than

>    a "normal" Monday-Friday work week.
>
> 4. Before senior drivers can assert their seniority to work overtime it must first be determined that the junior drivers will be scheduled for forty (40) hours of work per week. Those forty (40) hours do not have to be at one facility.

Disagreeing with Arbitrator Restaino's award, on February 2, 2007, Plaintiff filed a complaint in this Court, seeking to vacate that award. This Court has jurisdiction over the action pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"). 29 U.S.C. § 185(a). Plaintiff now moves for summary judgment to vacate the arbitration award. Defendant opposes the motion and cross-moves for summary judgment to confirm the award.

**II.     Discussion**

    **A.     *Standard of Review***

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. Anderson, supra, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. Big Apple BMW v. BMW of North America, 974 F.2d 1358, 1363 (3d Cir. 1992).

This Court has "a very limited role in reviewing the decision of an arbitrator appointed pursuant to a collective bargaining agreement." CITGO Asphalt Refining Co. v. Paper, Allied-Indus., Chem., and Energy Workers Int'l Union Local No. 2-991, 385 F.3d 809, 815 (3d Cir. 2004). "Consequently, we 'are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the

contract.'" Ibid. (quoting United Paperworks Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987).

This Court must find that an arbitration award is legitimate if "the arbitrator's award draws its essence from the [collective bargaining agreement] and is not merely the arbitrator's own brand of industrial justice[.]" Id. at 816 (internal quotation and editing marks omitted). "An arbitration award draws its essence from the bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention." United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379-80 (3d Cir. 1995) (internal quotation marks omitted). Therefore, "a court can only vacate an arbitrator's award if it is entirely unsupported by the record or if it reflects a manifest disregard of the agreement." CITGO, supra, 385 F.3d at 816 (internal quotation marks omitted).

### B. *Analysis*

Plaintiff moves to vacate Arbitrator Restaino's award because, in Plaintiff's view, Defendant's laying off of senior employees for one day during the week violates the agreement's layoff provision, as well as Article 22, which states that "the normal work week shall consist of five days, Monday through Friday." Defendant replies that the Court must affirm the award because it reflects the Arbitrator's reasonable interpretation of the contract.

Plaintiff's arguments lack merit because the arbitrator, in his award, clearly discussed his reasonable interpretation of the contract in order to resolve the dispute. Indeed, Arbitrator Restaino stated that he was "firmly convinced [that] the senior employees are misapplying Article 17 and are strenuously suggesting that they have the right to assert their seniority - even if there is work - at the detriment of junior employees." (Restaino Award, Dec. 8, 2006, ("Award") at 3). The arbitrator found that the "definition of a layoff is that there is not enough work to sustain a forty (40) hour work week for all employees in the bargaining unit." (Award at 4). Considering that definition, Arbitrator Restaino concluded that, to apply Article 17 to the current situation, would "create chaos and havoc in the work place." (Award at 4). Moreover, the arbitrator also noted in his award that he had previously addressed the interpretation of Article 22 in his June 3, 2006 award and did not find that Defendant must provide work Monday through Friday, rather than Monday through Thursday, so long as each full-time employee received forty hours of work. (Award at 4).

Considering Arbitrator Restaino's award, it is clear that it draws its essence from the collective bargaining agreement. The arbitrator's interpretation "can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention." United Transp., supra, 51 F.3d at 380. Arbitrator Restaino considered the parties' intentions in forming the collective bargaining agreement, the language of the agreement, and the rational effects of both parties' interpretations. Ultimately, Arbitrator Restaino found that Plaintiff's interpretation of the agreement was improper. Indeed, the collective bargaining agreement evinces the parties' mutual intent to reconcile the employer's

economic realities with the employees' right to maintain regular and steady employment.  It is not this Court's role to determine whether the arbitrator's decision is "wise []or internally consistent[]" simply because Plaintiff does not agree with the award.  CITGO, supra, 385 F.3d at 816.

### III. Conclusion

In conclusion, Arbitrator Restaino's award meets the "standard of . . . minimal rationality[,]" CITGO, supra, 385 F.3d at 816, and derives its essence from the parties' controlling collective bargaining agreement.  As a result, the Court denies Plaintiff's motion for summary judgment to vacate the arbitration award, and grants Defendant's motion for summary judgment to confirm the arbitration award.  An appropriate order follows.

/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge